cat / div ___2241/530/ Dade___
Case # _____
Judge _____ Mag _White_
Motn Ifp _NO_ Fee pd $ _NO_
Receipt # _____

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

FILED by _____ D.C.

APR 04 2012

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

**UNITED STATES OF AMERICA,**
    **Plaintiff,**

**12-CV-21302-SEITZ/WHITE**

v.

**Case No. 05-20589-CR-SEITZ/002**

**JAVIER RODRIGUEZ,**
    **Defendant.**
_____/

## PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 § 2241 OR ALTERNATIVELY MOTION TO CORRECT SENTENCE ERROR PURSUANT TO RULE 35(b), Title 18 U.S.C.A.

**COMES NOW,** the Petitioner, Javier Rodriguez, in proper person and moves this Honorable Court pursuant to Rule 35 (b) or construe the petition as a Writ of habeas Corpus pursuant to Title 28 §2241 and correct the unreasonable sentence error under U.S.S.G1.3, and free the Petitioner from the incarceration portion of the imposed sentence.  Petitioner would show cause as follows:

### JURISDICTION

The United States District Court for the Southern District of Florida has jurisdiction to entertain this motion filed by a State prisoner pursuant to Title 28 § 2241 (5)(d).

1

# PROCEDURAL FACTS

1. On March 1, 2006, Mr. Javier Rodriguez entered into a plea agreement with the United States Attorney, Assistant Alejandro Soto and sentenced under the Sentencing Reform Act of 1984. The Honorable District Judge, Patricia A. Seitz accepted the plea and imposed the sentences on the following crimes.

2. Petitioner was charged with the following crimes: Count I, Conspiracy to commit an offense against the United States, 18 U.S.C. § 371; Count II, IV, V Bank Fraud 18 U.S.C. § 1344(a); Count VI, Access Device Fraud 18 U.S.C. §1029(a)(2); Count VII, Identity Device Fraud 18 U.S.C. § 1028 (a)(7)

3. The date of the above offenses were committed between June 20, 2005 and June 30, 2005.

4. Petitioner was sentenced and committed to the custody of the United States Bureau of Prisons, to a term of imprisonment of 30 months as to each Count, 1,2,4,5,6, and 7, to run **concurrently with each other** and **consecutive** to the term of imprisonment imposed in Florida State Case Nos. F01-013752 and F01-013753. Upon Release from the Federal imprisonment, the Defendant shall be on supervised released for a term of 4 years as to each Count 1,2,4,5,6 and 7 to run concurrently. Note, the Federal charges and the State charges are all underlying offenses related to the main charges of bank fraud, all non-violent felonies. **See Exhibit A- Sentencing Judgment Orders Federal Court.**

**SUMMARY OF HABEAS CORPUS AND ARGUMENT:**

Pursuant to Title 28 U.S.C. § 2255 permits a federal prisoner to collaterally attack his conviction or sentence.  It substitutes attack by motion for the common law petition for writ of habeas corpus, which was accorded federal prisoners in the initial Judiciary Act of 1789, and is now codified at 28 U.S.C. § 2241.  In 1996, the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), amended § 2255 to prevent the filing of a second or successive motion challenging a federal conviction or sentence.  The purpose of the statute was to achieve finality in convictions by barring successive and abusive collateral attacks.  In this endeavor, the statute has been quite successful.  *Gilbert v. U.S.*, 609 F.3d 1159, 1163 (CA 11th Cir. Fla. 2010).  Here, Rodriguez is on the threshold of completing the State sentences of (10) years and then transferred to a Federal facility to commence the 30 month imprisonment then followed by (4) years of supervised released on Counts 1,2,4, 5, 6 and 7.  Rodriguez contends that the Federal charges and the State charges are similar and relevant styled crimes.  The Federal Court's punishment by ordering the sentences consecutive, are incompatible with the plain language of the Federal Guidelines § 5G1.3, § 3553 (a), and in accord with § 3584.

**SUMMARY OF UNREASONABLE SENTENCE:**

Petitioner, Rodriguez asserts that the State of Florida cases are similar in style and fashion.  The specific charges derive from a crime spree of credit card

3

fraud, fabricated identification (drivers license), and forgery of those instruments. The Federal Government charged the crimes as Bank Fraud, Access Device Fraud and Identity Device fraud.  There is no question that the crimes charged in 'both' the State and by the Federal Government are of the same styled relevant crimes. Pursuant to U.S.S. Guidelines § 5G1.3, it appears that the Sentencing Court overlooked the section of the guidelines that clearly state that [if] the charges are of relevant conduct and that District Court and the Court assed the conduct as the basis for an increase in the offense level for the instant offense under Chapter Two (Offense Conduct) or Chapter Three, then the Court is bound to follow §U.S.S. 5G1.3 (b)(1) and (2).   Sections (b)(1) and (2) are binding on Rodriguez's sentences.  See below.

### § 5G1.3. Imposition of a Sentence on a Defendant Subject to an Undischarged Term of Imprisonment

**(a)** If the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status) or after sentencing for, but before commencing service of, such term of imprisonment, the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment.

**(b)** If subsection (a) does not apply, and a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of § 1B1.3 (Relevant

4

Conduct) and that was the basis for an increase in the offense level for the instant offense under Chapter Two (Offense Conduct) or Chapter Three (Adjustments), the sentence for the instant offense shall be imposed as follows:

(1) the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and

(2) the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

(c) (Policy Statement) In any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.

Rodriguez contends that the District Court imposed an unreasonable sentence, where, 1. the same relevant conduct formed both styled criminal acts in both the Federal and State jurisdictions; 2. The State Court imposed two consecutive 5 year statutory maximum sentences consecutively to each other for the same styled relevant charges; 3. Rodriguez will serve 85% of his sentences under Florida Law, see § 944.275; 4. Rodriguez's Federal sentences contain a 4 year term of supervised probation in order to pay restitution to the offended

bank[s]. **5.** The District Court apparently used the Florida convictions to grade the guideline range under § 3553 and U.S.S. 5G1.3 (a) or (c) and therefore the sentences of further incarceration is very unreasonable and hinders the restitution. **See Exhibit B- Florida State Court Sentence and Judgment Orders ON Case No.: F01-013752 and F01-013753.**

Rodriguez only scored-out to 19.1 points, 'a non-prison sanction.' Even after addition of legal restraint points Rodriguez only scored a non-prison sentence once again. The State Court failed to follow the scoresheet recommendation and issued consecutive sentences for the same criminal episode criminal conduct, as well as the same conduct as charged in the Federal District Court. **See Exhibit C State Scoresheet Pursuant To Rule 3.992(a).**

"The federal courts of appeals review federal sentences and set aside those they find 'unreasonable.' " *Rita v. United States,* 551 U.S. 338, 341, 127 S.Ct. 2456, 2459, 168 L.Ed.2d 203 (2007) (citing *United States v. Booker,* 543 U.S. 220, 261-63, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005)). The District Court retained ultimate discretion to impose concurrent terms under its sentencing authority in 18 U.S.C. § 3584. The commentary and application notes of the Sentencing Guidelines are authoritative, unless they are plainly erroneous, inconsistent with the regulation they interpret, or contrary to the Constitution or Federal Law. *United States v. Smith,* 568 F.3d 923, 927 n.1 (11th Cir.2009) (citing *Stinson v.*

*United States,* 508 U.S. 36, 45, 113 S.Ct. 1913, 123 L.Ed.2d 598 (1993);   *United States v. Torrealba,* 339 F.3d 1238, 1242 (11th Cir.2003).

For example, the District Court in *U.S. v. Hernandez,* 620 F.3d 822 (7th Cir. 2010) retained ultimate discretion to impose concurrent terms under its sentencing authority in 18 U.S.C. § 3584. *U.S. v. Davis,* 329 F.3d at 1253-54 (11th Cir.2003). Although the guidelines are now advisory, the district court is still required to properly calculate the guidelines range.   At the time of the commission of Rodriguez's crimes, the guidelines were the authority for sentences.

The Court concluded that the district court had misapprehended its discretion.  We pointed out that the governing statute for these purposes is 18 U.S.C. § 3584(a), which "gives a district court the discretion to impose a term of imprisonment either concurrently or consecutively to a prior undischarged term, taking into consideration the factors enumerated in  18 U.S.C. § 3553(a)." *U.S. v.Campbell,* 617 F.3d at 960 (7th Cir. 2010)  The relevant sentencing guideline is, as the district court noted,   section 5G1.3, which is divided into three parts. Campbell had not committed his offense while serving a term of imprisonment or after sentencing but before beginning to serve a term for a different offense, and so § 5G1.3(a) did not apply to his case.  Nor did  § 5G1.3(b) apply to his case, because it is limited to other offenses that qualify as relevant conduct under

U.S.S.G. § 1B1.3 for the offense of conviction.   Instead, Campbell's case was governed by § 5G1.3(c), which reads as follows:

**(c)** (Policy Statement) In any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.

This language, the *Hernandez* Court held, does not and cannot detract from the discretion that § 3584 confers on district courts to choose a concurrent sentence.   The fact that § 5G1.3(b) is more specific about adjustments for undischarged terms of imprisonment means only that the guidelines take a more specific position on that situation than they do for cases involving unrelated conduct.   The Hernandez Court followed the guidance of *United States v. Ross*, 219 F.3d 592 (7th Cir.2000) resolving the matter and bestowing the District Court with the power of discretion in sentencing matters.

## PROCEDURAL REASONABLENESS OF SENTENCE:

In the happenstance that counsel failed to object to the erred and unreasonable sentence imposed, then the issue is reviewed under the plain error standard. A claim is reviewed for plain error because after the district court pronounced the sentence and asked if Berry had any objections, defense counsel answered in the negative. See *United States v. Bostic*, 371 F.3d 865, 872-73 (6th

Cir.2004).  The proper standard under these circumstances requires Berry to show: "(1) error;  (2) that was obvious or clear;  (3) that affected defendant's substantial rights;  and (4) that affected the fairness, integrity, or public reputation of the judicial proceedings. *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir.2008) (en banc) (internal citations omitted). *Id. U.S. v. Berry*, 565 F.3d 332,340-41 (CA. 6 (Mich.) 2009).  In *Vonner,* the Court held;

> **"Despite the district courts brief explanation, it was reasonable and, in any event, any potential error was not "plain." "Although Congress requires a court to give 'the reasons' for its sentence, 18 U.S.C. § 3553(c), it does not say that courts must give the reasons for rejecting any and all arguments by the parties for alternative sentences."** *Vonner,* **516 F.3d at 387.**

The sentencing judge must consider the list of sentencing factors articulated. Precisely, the District Court apparently failed to consider the fact that Rodriguez already had ten (10) years of prison sentences imposed by the State of Florida Courts, and the facts that the Federal charges are for the same relevant fraud styled non-violent crimes, § 3553(a).

It is unclear as to the extent of the legal matters that counsel may or may not have argued at the sentencing proceeding, but however, pursuant to Title 18 U.S.C. § 3553(a);  "such consideration, however, need not be evidenced explicitly." "*United States v. Williams*, 436 F.3d 706, 708 (6th Cir.2006), quoted in *Rita v.*

*United States,* 551 U.S. 338, 357, 127 S.Ct. 2456, 2468-69, 168 L.Ed.2d 203 (2007).

The Honorable Magistrate may also take into consideration at this point, that it may designate Desoto Correctional Institution of Florida, retroactively to the Federal sentencing date, where the District Court erred by sentencing Rodriguez consecutively to the State sentence. See 18 U.S.C. § 3621(b). For guidance in this styled situation the District Court may rely on *Reynolds v. Thomas,* 603 F.3d 1144 (9th Cir. 2010)

## CONCLUSION

Wherefore, Petitioner very respectfully request that this Honorable Magistrate take into consideration that facts and the established precedents presented herein and resentence, by modifying the sentences under the correct section of § 3553(a) and U.S.S. § 5G1.3 (b)(2). The Honorable Magistrate may run the sentence{s} concurrently *nunc pro tunc* from the date of Federal sentencing, or the previous date Rodriguez requested that the federal sentences to run concurrent with the State sentences. Due to the District Court's error in not following the provisions of the guidelines set forth in U.S.S. § 5G1.3 (b)(2), this Honorable Court may correct the error as suggested herein. Otherwise the Petitioner suffers an unreasonable period of incarceration between the sentences imposed by both the State and the Federal for a total of 198 months for non-violent

fraud styled crimes. See Indictment and Judgment on this referenced case number filed in the Clerks' files, i.e..

Respectfully Submitted,

Javier Rodriguez # M42068
USM No. 64592-004

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I placed this document in the hands of prison officials for mailing to:

- Office of the United States Attorney, 99 N.E. 4th Street Miami, Florida 33132

- Federal Bureau of Prisons, Southeast Region, U.S.P. Atlanta, 601 McDonough Blvd. S.E., Atlanta, GA. 30315-0182.

- Clerk of U.S. Southern District Court, Miami Division, 400 N. Miami Ave., Miami, Fl. 33128-7716

on this 1st th day of ___April___, 2012.

Javier Rodriguez # M42068
Desoto Correctional Institution
13617 Southeast Highway 70
Arcadia, Florida 34266-7800

PROVIDED TO DESOTO C.I.
ON 04-01-12 FOR MAILING
INMATE INITIALS_____
OFFICER INITIALS_____

11

# EXHIBIT A

USDC FLSD 245B (Rev. 12/03) - Judgment in a Criminal Case                                        Page 1 of 6

FILED by _____ D.C.

MAR 1 2006

CLARENCE MADDOX
CLERK, U.S. DIST. CT.
S. D. OF FLA. - MIAMI

# United States District Court

## Southern District of Florida
### MIAMI DIVISION

UNITED STATES OF AMERICA

**JUDGMENT IN A CRIMINAL CASE**

v.

Case Number: 05-20589-CR-SEITZ/002

**JAVIER RODRIGUEZ**

USM Number: 64592-004

Counsel For Defendant: Elio Vazquez, Esq.
Counsel For The United States: Alejandro Soto, AUSA
Court Reporter: Pam Smith, Official Reporting

The defendant pleaded guilty to Counts 1, 2, 4, 5, 6, and 7 of the Superseding Indictment.
The defendant is adjudicated guilty of the following offenses:

| TITLE/SECTION NUMBER | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| 18 U.S.C. § 371 | Conspiracy to commit an offense against the United States. | June 30, 2005 | 1 |
| 18 U.S.C. § 1344(a) | Bank fraud. | June 20, 2005 | 2, 4 and 5 |
| 18 U.S.C. § 1029(a)(2) | Access device fraud. | June 30, 2005 | 6 |
| 18 U.S.C. § 1028(a)(7) | Identity device fraud. | June 30, 2005 | 7 |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of any material changes in economic circumstances.

Date of Imposition of Sentence:
3/1/2006

_____
PATRICIA A. SEITZ
United States District Judge

March ____/____, 2006



USDC FLSD 245B (Rev. 12/03) - Judgment in a Criminal Case

Page 2 of 6

DEFENDANT: JAVIER RODRIGUEZ
CASE NUMBER: 05-20589-CR-SEITZ/002

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 30 Months as to each Count 1, 2, 4, 5, 6 and 7, to run concurrently with each other and consecutive to the term of imprisonment imposed in Case Nos. F01-013752 and F01-013753.

The Court makes the following recommendations to the Bureau of Prisons:

Defendant should be placed in a facility in South Florida.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at_____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By:_____
Deputy U.S. Marshal

USDC FLSD 245B (Rev. 12/03) - Judgment in a Criminal Case                                                                Page 3 of 6

DEFENDANT: JAVIER RODRIGUEZ
CASE NUMBER: 05-20589-CR-SEITZ/002

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **4 years as to each Count 1, 2, 4, 5, 6 and 7, to run concurrently.**

    The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

    **The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.**

    If this judgment imposes a fine or a restitution obligation, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1. the defendant shall not leave the judicial district without the permission of the court or probation officer;
2. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
3. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. the defendant shall support his or her dependents and meet other family responsibilities;
5. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. the defendant shall notify the probation officer **at least ten (10) days prior** to any change in residence or employment;
7. the defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11. the defendant shall notify the probation officer within **seventy-two (72) hours** of being arrested or questioned by a law enforcement officer;
12. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: JAVIER RODRIGUEZ
CASE NUMBER: 05-20589-CR-SEITZ/002

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional conditions of supervised release:

The defendant shall participate in an approved treatment program for mental health/substance abuse, as directed by the U.S. Probation Office, and abide by all supplemental conditions of treatment. Participation may include inpatient/outpatient treatment, if deemed necessary. The defendant will contribute to the costs of services rendered (co-payment) in an amount determined by the U.S. Probation Officer, based on ability to pay, or availability of third party payment.

The defendant shall provide complete access to financial information, including disclosure of all business and personal finances, to the U.S. Probation Officer.

At the completion of the defendant's term of imprisonment, the defendant shall be surrendered to the custody of the Bureau of Immigration and Customs Enforcement for removal proceedings consistent with the Immigration and Nationality Act. If removed, the defendant shall not reenter the United States without the written permission of the Secretary for Border and Transportation Security. Should the defendant be removed, the term of probation/supervised release shall be non-reporting while the defendant is residing outside the United States. If the defendant reenters the United States within the term of probation/supervised release, he is to report to the nearest U.S. Probation Office within 72 hours of his arrival.

The defendant shall maintain full-time, legitimate employment and is not to be unemployed for a term of more than 30 days unless excused by the U.S. Probation Officer. Further, the defendant shall provide documentation including, but not limited to, pay stubs, contractual agreements, W-2 Wage and Earnings Statements, and other documentation requested by the U.S. Probation Officer.

The defendant shall obtain prior approval from the U.S. Probation Officer before entering into any self-employment.

The defendant shall submit to a search of his person or property conducted in a reasonable manner and at a reasonable time by the U.S. Probation Officer.

DEFENDANT: JAVIER RODRIGUEZ
CASE NUMBER: 05-20589-CR-SEITZ/002

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $600.00 | $ | $54,555.00 |

It is further ordered that the defendant shall pay restitution in the amount of $54,555.00. During the period of incarceration, payment shall be made as follows: (1) if the defendant earns wages in a Federal Prison Industries (UNICOR) job, then the defendant must pay 50% of wages earned toward the financial obligations imposed by this Judgment in a Criminal Case; (2) if the defendant does not work in a UNICOR job, then the defendant must pay $25.00 per quarter toward the financial obligations imposed in this order. These payments do not preclude the government from using other assets or income of the defendant to satisfy the restitution obligations.

Upon release of incarceration, the defendant shall pay restitution at the rate of 10% of monthly gross earnings, until such time as the court may alter that payment schedule in the interests of justice. The U.S. Bureau of Prisons, U.S. Probation Office and U.S. Attorney's Office shall monitor the payment of restitution and report to the court any material change in the defendant's ability to pay.

The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(I), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| Bank of America See attached Victims List | $9,055.45 | $9,055.00 | 1/3 |
| Wachovia Bank See attached Victims List | $41,600.00 | $41,600.00 | 1/3 |
| Bank of America See attached Victims List | $3,900.00 | $3,900.00 | 1/3 |

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994, but before April 23, 1996.

USDC FLSD 245B (Rev. 12/03) - Judgment in a Criminal Case                                                    Page 6 of 6

DEFENDANT: JAVIER RODRIGUEZ
CASE NUMBER: 05-20589-CR-SEITZ/002

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

    A. Lump sum payment of **$600.00** due immediately.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

**The assessment/fine/restitution is payable to the U.S. COURTS and is to be addressed to:**

        **U.S. CLERK'S OFFICE**
        **ATTN: FINANCIAL SECTION**
        **301 N. MIAMI AVENUE, ROOM 150**
        **MIAMI, FLORIDA 33128**

**The assessment/fine/restitution is payable immediately. The U.S. Bureau of Prisons, U.S. Probation Office and the U.S. Attorney's Office are responsible for the enforcement of this order.**

      Joint and Several

Defendant Name, Case Number, and Joint and Several Amount:

Defendant, Pedro Lopez-Carrazana, Case No. 05-20589-Cr-Seitz, $54,555.00

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.

# EXHIBIT B

☒ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

| DIVISION | ORDER |
|---|---|
| ☒ CRIMINAL | CORRECTING |
| ☐ TRAFFIC | ☐ JUDGMENT |
| ☐ OTHER | ☒ SENTENCE |
| | ☐ PROBATION |

THE STATE OF FLORIDA   VS.   JAVIER RODRIGUEZ

PLAINTIFF          DEFENDANT

CASE NUMBER:   F01-13753

**CLOCK IN**

2005 AUG 30   PM 5: 39

THIS CAUSE HAVING COME ON BEFORE THE COURT to be heard pursuant to:

AN ORDER OF THE COURT

and the Court being fully advised in the premise, it is thereupon

ORDERED AND ADJUDGED that the _____SENTENCE_____ previously entered on _____May 10th, 2005_____

be and hereby is_____CORRECTED_____ as follows:

Counts 1,2 & 3 shall run concurrent instead of consecutive to each
other in the above styled cause.

DONE AND ORDERED at Miami, Florida this ___16th___ day of _____August_____, 20 05___.

NUNC PRO TUNC: _____May 10th, 2005_____
(Now For Then)                    Date

JUDGE   JULIO E. JIMENEZ

Clerk's web address: www.miami-dadeclerk.com

ht 8/24/2005

CLK/CT 51  REV. 12/02

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA      **258**

| CRIMINAL DIVISION | SENTENCE (AS TO COUNT __1,2&3__ ) |
|---|---|

**THE STATE OF FLORIDA        VS.   JAVIER RODRIGUEZ**

**CLOCK IN**

| PLAINTIFF | DEFENDANT |
|---|---|

**CASE NUMBER:** F01-13753        OBTS NUMBER _____

The defendant, being personally before this Court, accompanied by his attorney, __T. MASTOS (PA)__ , and having been adjudicated guilty herein, and the Court having given the defendant an opportunity to be heard and to offer matters in mitigation of sentence, and to show cause why he should not be sentenced as provided by law, and no cause being shown and the Court having:

☐ on _____ deferred imposition of sentence until this date.

(Check one) ☐ previously entered a judgment in this case on the defendant now resentences the defendant.

☒ placed the defendant on Probation/Community Control and having subsequently revoked the defendant's Probation/Community Control.

IT IS THE SENTENCE OF THE COURT that the defendant:

☐ pay a fine of $ _____, pursuant to F.S. 775.083, plus $ _____ as the 5% surcharge required by F.S. 938.04.

☒ is hereby committed to the custody of the Department of Corrections.

☐ is hereby committed to the custody of the Sheriff of Miami-Dade County, Florida.

☐ is sentenced as a youthful offender in accordance with F.S. 958.04.

TO BE IMPRISONED (check one; unmarked sections are inapplicable)

☐ for a term of Natural Life.

☒ for a term of __FIVE (5) YEARS__

☐ said SENTENCE IS SUSPENDED for a period of _____ subject to conditions set forth in this Order.

☐ IT IS FURTHER ORDERED that the entry of sentence be suspended as to count(s) _____ of this case.

CLK/CT 405  REV. 4/03        **(1) PAGE __1__ OF __2__**    Clerk's web address: www.miami-dadeclerk.com

ht 6/3/2005

Bk 23500 Pg 4946 CFN 20050645826 06/22/2005 11:58:26 Pg 1 of 2 Mia-Dade Cty, FL

Defendant _____ JAVIER RODRIGUEZ _____

Case Number _____ F01-13753 _____

OTHER PROVISIONS

RETENTION OF
JURISDICTION _____ The Court retains jurisdiction over the defendant pursuant to Florida Statutes 947.16(3).

JAIL CREDIT _____ **X** _____ It is further ordered that the Defendant shall be allowed a total of _____ 281 _____ days as credit for time incarcerated prior to imposition of this sentence.

PRISON CREDIT _____ It is further ordered that the Defendant be allowed credit for all time previously served on this count in the Department of Corrections prior to resentencing.

CONSECUTIVE/
CONCURRENT AS TO
OTHER COUNTS _____ X _____ It is further ordered that the sentence imposed for count(s) _____ 2 _____ shall run (check one) ☒ consecutive to ☐ concurrent with the sentence set forth in count(s) _____ 1 _____ of this case. The sentence for count 3 shall run consecutive to the sentence set forth in count 2 of this case.

CONSECUTIVE/
CONCURRENT AS TO
OTHER CONVICTIONS _____ **X** _____ It is further ordered that the composite term of all sentences imposed for the counts specified in this order shall run ☐ consecutive to ☒ concurrent with the following:

_____ Any active sentence being served.

_____ **X** _____ Specific sentences: _____ 01-13752 _____

BLOOD SAMPLE
REQUIRED _____ It is further ordered, pursuant to section 943.325, Florida Statutes, that the defendant, having been convicted of an attempt or offense under section 794 (sexual battery), 800 (lewdness or indecent exposure), 782.04 (murder), 784.045 (aggravated battery), 812.133 (car jacking), or 812.135 (home invasion robbery) shall be required to submit blood specimens.

In the event the above sentence is to the Department of Corrections, the Sheriff of Miami-Dade County, Florida, is hereby ordered and directed to deliver the defendant to the Department of Corrections at the facility designated by the Department together with a copy of this Judgment and Sentence and any other documents specified by Florida Statutes.

The defendant in Open Court was advised of his right to appeal from this sentence by filing notice of appeal within thirty days from this date with the Clerk of this Court, and the defendant's right to the assistance of counsel in taking said appeal at the expense of the State upon showing of indigence.

In imposing the above sentence, the Court further recommends _____

_____

_____

_____

DONE AND ORDERED in Open Court at Dade County, Florida this _____ 10th _____ day of _____ May _____ 20 05

JUDGE        JULIO E. JIMENEZ

2 cc DOC

☒ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

| DIVISION | ORDER |
|---|---|
| ☒ CRIMINAL | CORRECTING |
| ☐ TRAFFIC | ☐ JUDGMENT |
| ☐ OTHER | ☒ SENTENCE |
| | ☐ PROBATION |

THE STATE OF FLORIDA      VS.    JAVIER RODRIGUEZ

PLAINTIFF                    DEFENDANT

CASE NUMBER:  F01-13753

FILED FOR RECORD
2007 JAN 25 AM 9:30
CLERK, CIRCUIT & COUNTY COURTS
DADE COUNTY FLA.
COUNTY CRIMINAL #17
CLOCK

THIS CAUSE HAVING COME ON BEFORE THE COURT to be heard pursuant to:

Defendant's prose motion

and the Court being fully advised in the premise, it is thereupon

ORDERED AND ADJUDGED that the _____ SENTENCE _____ previously entered on _____ May 10th, 2005 _____

be and hereby is_____ CORRECTED _____ as follows:

COUNTS 1,2 AND 3 SHALL RUN CONCURRENT IN THE ABOVE STYLED CAUSE.

DONE AND ORDERED at Miami, Florida this __12th__ day of _____ January _____ , 20 07 .

NUNC PRO TUNC: _____ May 10th, 2005 _____
(Now For Then)                Date

JUDGE    **WILLIAM THOMAS**

Clerk's web address: www.miami-dadeclerk.com

ht  1/22/2007

CLK/CT 51  REV. 12/02

c

☐ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR DADE COUNTY, FLORIDA.
☐ IN THE COUNTY COURT IN AND FOR DADE COUNTY, FLORIDA.

| DIVISION | ORDER |
|---|---|
| ☒ CRIMINAL | ☐ AMENDING |
| ☐ TRAFFIC/MISDEMEANOR | ☒ CORRECTING |
| ☐ OTHER | SENTENCE |

2 CC DOC

THE STATE OF FLORIDA     VS. JAVIER RODRIGUEZ

PLAINTIFF          DEFENDANT

CASE NUMBER: F01-13753

CLOCK IN

IT IS HEREBY ORDERED AND ADJUDGED that the sentence imposed upon the Defendant on _____5/10/2005_____, be and the same is hereby ☐ amended ☒ corrected as follows:

IT IS FURTHER CONSIDERED, ORDERED AND ADJUDGED that the Defendant be given credit for time incarcerated prior to the imposition of this sentence, to-wit:

DEFENDANT IS ENTITLED TO AN ADDITIONAL TWO HUNDRED AND EIGHTY ONE (281) DAYS ENTERED HEREIN IN THE ABOVE STYLED CAUSE.

DONE AND ORDERED at Miami, Florida this _____6TH_____ day of _____MARCH_____, 20 09 .

NUNC PRO TUNC: _____5/10/2005_____
(Now For Then)             Date

Clerk's web address: www.miami-dadeclerk.com

JUDGE JULIO JIMENEZ

CLK/CT 53  REV. 9/06  JE 3/16/09

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA     153

| DIVISION | JUDGMENT | |
|---|---|---|
| [X] CRIMINAL | [X] Probation Violator | [ ] Retrial |
| | [ ] Community Control Violator | [ ] Resentence |

| PLAINTIFF(S) | VS. DEFENDANT(S) |
|---|---|
| THE STATE OF FLORIDA | JAVIER RODRIGUEZ |

**CASE NUMBER:   F01-013753**

AKA: Elier Fromeda, Andres Mayans

**RECORDED**
DEC 2 6 2003
Clerk of Circuit
& County Courts

The Defendant, JAVIER RODRIGUEZ, being personally before this Court represented by

THEODORE G MASTOS, PA, his/her attorney of record.

The State represented by, EDWARD TAPANES, Assistant State's Attorney, and having:

CLOCK IN
03 DEC 12 PM 4: 15

- [ ] been tried and found guilty
- [ ] entered plea of guilty
- [X] entered plea of nolo contendere     to the following crime(s):

| COUNT | CRIME | DEGREE | OFFENSE STATUTE NO. |
|---|---|---|---|
| 1 | DRIVERS LICENSE/POSN OF INSTRUMENT IN SIMILITUDE | 3/F | 322.212(1)(B) |
| 2 | CREDIT CARD/FRAUDULENT USE OF/ $100 OR MORE | 3/F | 817.61 |
| 3 | FORGERY | 3/F | 831.01 |

and no cause being shown why the Defendant should not be adjudicated guilty, IT IS ORDERED THAT the Defendant is hereby ADJUDICATED GUILTY of the above crime(s).

OFF REC BK
21838PG3296

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

DIVISION

[X] CRIMINAL

## CHARGES/COSTS/FEES

PLAINTIFF(S)                     VS. DEFENDANT(S)

THE STATE OF FLORIDA        JAVIER RODRIGUEZ

## CASE NUMBER: F01-013753

AKA: Elier Fromeda, Andres Mayans

CLOCK IN

The Defendant is hereby ordered to pay the following sum indicated:

| | |
|---|---|
| $40.00 | Pursuant to F.S. 938.03 (Crimes Compensation Trust Fund). |
| $3.00 | Three dollars as a court cost pursuant to F.S. 938.01 (1) $3.00 (Criminal Justice Trust & Education Funds). |
| $200.00 | Pursuant to 938.05 (Local Government Criminal Justice Trust Fund). |
| $3.00 | Three dollars Juvenile Assessment Center pursuant to Dade County Ordinance 96-182, F.S. incorporating F.S. 938.17. |
| $40.00 | Pursuant to F.S. 27.52 (Public Defender Application Fee). |
| $20.00 | Pursuant to F.S. 938.06 (Crime Stopper's Programs). |
| $3.00 | Pursuant to F.S. 938.19 (Teen Courts). |
| $2.00 | Two dollars as a court cost pursuant to F.S. 938.15 $2.00 (Criminal Justice Trust & Education Funds). |
| $150.00 | Pursuant to F.S. 939.18 (Court Facilities Cost) |
| $461.00 - | TOTAL |

OTHER COMMENTS: *COURT COST PREVIOUSLY IMPOSED ON 3/4/2003

DONE AND ORDERED in Open Court in Miami-Dade County, Florida this 25th day of November, 2003.

JUDGE JERALD BAGLEY

(W=WAIVED/S=SUSPENDED)

REV 10/02 HMT-12/05/03

Clerk's web address: www.miami-dadeclerk.com

OFF REC BK
21839P63297

☒ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA
☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

| **DIVISION** | |
|---|---|
| ☒ CRIMINAL<br>☐ OTHER | **FINGERPRINTS OF DEFENDANT** |

**THE STATE OF FLORIDA**    **VS.**

Rodriguez, Javier

**PLAINTIFF**      **DEFENDANT**

**CASE NUMBER:** F01-13753

I herby certify that the foregoing fingerprints on this judgment are the fingerprints of the defendant named above, and that they were placed thereon by said defendant in my presence, in open court, on this date and that the defendant provided the below Social Security Number or was unable to provide said number as indicated.

Fingerprints taken by: _____
        Name            Title

**CLOCK IN**

FILED

### FINGERPRINTS OF DEFENDANT

| 1. R. Thumb | 2. R. Index | 3. R. Middle | 4. R. Ring | 5. R. Little |
|---|---|---|---|---|
| | | | | |

| 1. L. Thumb | 2. L. Index | 3. L. Middle | 4. L. Ring | 5. L. Little |
|---|---|---|---|---|
| | | | | |

**Social Security Number of Defendant** _____

DONE AND ORDERED in Open Court in Miami-Dade County, Florida this 25th day of Nov. 20 03

_____
            JUDGE

Page___of ___

CLK/CT 854  REV 7/03     OFF REC BK    3   3     JERALD  BAGLEY
                     Clerk's web address: www.miami-dadeclerk.com

21839P33298

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL, CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA    258

| DIVISION | SENTENCE |
|---|---|
| [X] CRIMINAL | |

AS TO COUNT: 1, 2, 3

| PLAINTIFF(S) | VS. DEFENDANT(S) |
|---|---|
| THE STATE OF FLORIDA | JAVIER RODRIGUEZ |

CASE NUMBER: F01-013753          OBTS NUMBER _____

AKA:Elier Fromeda, Andres Mayans

The Defendant, being personally before this Court, accompanied by his/her
attorney(s):THEODORE G MASTOS,PA
and having been adjudicated guilty herein, and the Court having given the defendant
an opportunity to
be heard and to offer matters in mitigation of sentence, and to show cause why
he/she should not be sentenced as provided by law, and no cause
having been shown:

CLOCK IN

Placed the defendant on Probation and having subsequently revoked the defendant's Probation.

IT IS THE SENTENCE OF THE COURT that the defendant is hereby:
    Is hereby committed to the custody of the Dade County Jail..

TO BE IMPRISONED:
    For a term of 364.00 Day(s).

    In the event the defendant is ordered to serve additional split sentences, all incarceration portions
    shall be satisfied before the defendant begins service of the supervision terms.

SPLIT SENTENCE
        Community Control Length: 2 Year(s)
    Followed by a period of   (the specified length), on Community Control under the supervision of
    the Department of Corrections according to the terms and conditions of supervision set forth in a
    separate order entered herein.

OFF REC BK
21838PG3299

IN RE: Defendant
      JAVIER RODRIGUEZ

## OTHER PROVISIONS

CASE NUMBER:  F01-013753

| CATEGORY | OTHER PROVISION DESCRIPTION | SPECIFICATION |
|---|---|---|
| Jail Credit | It is further ordered that the Defendant shall be allowed a total of the specified time as credit for time incarcerated prior to imposition of this sentence. | *STARTING FROM 10/15/2003 |
| Consecutive/concurrent as to Other Counts | It is further ordered that the sentence imposed for counts specified shall run as indicated with the sentence set forth in counts specified of this case. | COUNTS 1 THRU 3 CONCURRENT WITH EACH OTHER |

In the event the above sentence is to the Department of Corrections, the Sheriff of Dade County, Florida, is hereby ordered and directed to deliver the defendant to the Department of Corrections at the facility designated by the Department together with a copy of this Judgment and Sentence and any other documents specified by Florida Statutes.

The defendant in Open Court was advised of his right to appeal from this sentence by filing notice of appeal within thirty days from this date with the Clerk of this Court, and the defendant's right to the assistance of counsel in taking said appeal at the expense of the State upon showing indigence.

DONE AND ORDERED in Open Court in Miami-Dade County, Florida this 25th day of November, 2003.

JUDGE JERALD  BAGLEY

OFF REC BK
21839PG3300

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL, CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA    258

| DIVISION<br>[X] CRIMINAL | SENTENCE | *VOP* |

AS TO COUNT: 1, 2

PLAINTIFF(S)                        VS. DEFENDANT(S)
THE STATE OF FLORIDA        JAVIER RODRIGUEZ

CASE NUMBER: F01-013752          OBTS NUMBER _____

AKA: Elier Fromeda, Andres Mayans

The Defendant, being personally before this Court, accompanied by his/her
attorney(s): THEODORE G MASTOS, PA
and having been adjudicated guilty herein, and the Court having given the defendant
an opportunity to
be heard and to offer matters in mitigation of sentence, and to show cause why
he/she should not be sentenced as provided by law, and no cause
having been shown:

CLOCK IN

Placed the defendant on Community Control and having subsequently revoked the defendant's
Community Control.

IT IS THE SENTENCE OF THE COURT that the defendant is hereby:
    Is hereby committed to the custody of the Florida Department of Corrections..

TO BE IMPRISONED:
    For a term of 5.00 Year(s).

HMT-06/03/05
REV 10/02                          Page 1 of 2
Clerk's web address: www.miami-dadeclerk.com

IN REF: Defendant
        JAVIER RODRIGUEZ

*VOP*

## OTHER PROVISIONS

CASE NUMBER: F01-013752

| CATEGORY | OTHER PROVISION DESCRIPTION | SPECIFICATION |
|---|---|---|
| Jail Credit | It is further ordered that the Defendant shall be allowed a total of the specified time as credit for time incarcerated prior to imposition of this sentence. | 281 DAYS |
| Consecutive/concurrent as to Other Counts | It is further ordered that the sentence imposed for counts specified shall run as indicated with the sentence set forth in counts specified of this case. | COUNT 2 CONSECUTIVE TO COUNT 1 |

In the event the above sentence is to the Department of Corrections, the Sheriff of Dade County, Florida, is hereby ordered and directed to deliver the defendant to the Department of Corrections at the facility designated by the Department together with a copy of this Judgment and Sentence and any other documents specified by Florida Statutes.

The defendant in Open Court was advised of his right to appeal from this sentence by filing notice of appeal within thirty days from this date with the Clerk of this Court, and the defendant's right to the assistance of counsel in taking said appeal at the expense of the State upon showing indigence.

DONE AND ORDERED in Open Court in    Miami-Dade County, Florida    this    10th  day of   May, 2005.

JUDGE    JULIO E. JIMENEZ

Bk 23500 Pg 4934 CFN 20050645817 06/22/2005 11:57:31 Pg 2 of 2 Mia-Dade Cty, FL

# EXHIBIT C

# RULE 3.992(a)  CRIMINAL PUNISHMENT CODE SCORESHEET

| 1. DATE OF SENTENCE | 2. PREPARER'S NAME ☐ DC ☑ SAO | 3. COUNTY Dade | 4. SENTENCING JUDGE Jimenez |
|---|---|---|---|

| 5. NAME (LAST, FIRST, M.I.) Rodriguez, Javier | 6. DOB 1-21-75 | 8. RACE ☐ B ☑ W ☐ OTHER | 10. PRIMARY OFF. DATE | 12. PLEA ☑ |
|---|---|---|---|---|
|  | 7. DC # | 9. GENDER ☑ M ☐ F | 11. PRIMARY DOCKET # F01-13752 F01-13753 | TRIAL ☐ |

## I. PRIMARY OFFENSE: If Qualifier, please check ___A ___S ___C ___R (A=Attempt, S=Solicitation, C=Conspiracy, R=Reclassification)

| FELONY DEGREE | F.S.# | DESCRIPTION | OFFENSE LEVEL | POINTS |
|---|---|---|---|---|
| F3 | _____ | Credit Card / Theft | 3 | |

FILED JUN 10 2005 W Burger CLERK

(Level - Points: 1=4, 2=10, 3=16, 4=22, 5=28, 6=36, 7=56, 8=74, 9=92, 10=116)

Prior capital felony triples Primary Offense points ☐            I. 16

## II. ADDITIONAL OFFENSE(S): Supplemental page attached ☐

| DOCKET# | FEL/MM DEGREE | F.S.# | OFFENSE LEVEL | QUALIFY A S C R | COUNTS | POINTS | TOTAL |
|---|---|---|---|---|---|---|---|
| ____ | F3 | ____ | 3 | ☐☐☐☐ | 1 × | 2.4 | = 2.4 |
| Description | Credit Card / Forgery | | | | | | |
| ____ | F3 | ____ | 1 | ☐☐☐☐ | 1 × | .7 | = .7 |
| Description | Poss of False DL | | | | | | |
| ____ | ____ | ____ | | ☐☐☐☐ | × | | = |
| Description | | | | | | | |

(Level - Points: M=0.2, 1=0.7, 2=1.2, 3=2.4, 4=3.6, 5=5.4, 6=18, 7=28, 8=37, 9=46, 10=58)

Prior capital felony triples Additional Offense points ☐            Supplemental page points _____ II. 3.

## III. VICTIM INJURY:

| | | Number | Total | | | Number | Total |
|---|---|---|---|---|---|---|---|
| 2nd Degree Murder | 240 X | ___ | = ___ | Slight | 4 X | ___ | = ___ |
| Death | 120 X | ___ | = ___ | Sex Penetration | 80 X | ___ | = ___ |
| Severe | 40 X | ___ | = ___ | Sex Contact | 40 X | ___ | = ___ |
| Moderate | 18 X | ___ | = ___ | | | | |

III. _____

## IV. PRIOR RECORD: Supplemental page attached ☐

| FEL/MM DEGREE | F.S # | OFFENSE LEVEL | QUALIFY A S C R | DESCRIPTION | NUMBER | POINTS | TOTAL |
|---|---|---|---|---|---|---|---|
| ___/ | ___/ | ___/ | ☐☐☐☐ | / | X | = | |
| ___/ | ___/ | ___/ | ☐☐☐☐ | | X | = | |
| ___/ | ___/ | ___/ | ☐☐☐☐ | | X | = | |
| ___/ | ___/ | ___/ | ☐☐☐☐ | | X | = | |
| ___/ | ___/ | ___/ | ☐☐☐☐ | | X | = | |
| ___/ | ___/ | ___/ | ☐☐☐☐ | | X | = | |

STATE OF FLORIDA, COUNTY OF MIAMI DADE
I HEREBY CERTIFY that the foregoing is a true and correct copy of the original on file in this office
MAR 2 1 2012 AD 20__
HARVEY RUVIN, Clerk of Circuit and County Courts
Deputy Clerk
JACQUELINE SANCHEZ 7615

(Level - Points: M=0.2, 1=0.5, 2=1.6, 3=1.6, 4=2.4, 5=3.6, 6=9, 7=14, 8=19, 9=23, 10=29)

Supplemental page points _____ IV. 19.8

DISTRIBUTION:
White / Original / Clerk
Green / DC Data
Canary / State Attorney

Pink / Defense Attorney
Goldenrod / DC Offender File

Page 1 Subtotal: _____

**Effective Date: For offenses committed under the Criminal Punishment Code effective on or after October 1, 1998**

Page 1 Subtotal ___ _____

V.    Legal Status violation = 4 Points

V. _____

VI.   Community Sanction violation before the court for sentencing
      6 points  x each successive violation OR
      New felony conviction  = 12 points x each successive violation

VI. _____

VII.  Firearm/Semi-Automatic or Machine Gun = 18 or 25 Points

VII. _____

VIII. Prior Serious Felony = 30 Points

VIII. _____

**Subtotal Sentence Points**

_____

IX.   Enhancements (only if the primary offense qualifies for enhancement)

| Law Enforcement Protection | Drug Trafficking | Grand Theft Motor Vehicle | Street Gang | Domestic Violence (offenses committed on or after 10-1-97) |
|---|---|---|---|---|
| ___ x 1.5 ___ x 2.0 ___ x 2.5 | ___ x 1.5 | ___ x 1.5 | ___ x 1.5 | ___ x 1.5 |

Enhanced Subtotal Sentence Points  IX. _____

**TOTAL SENTENCE POINTS**  19.1

## SENTENCE COMPUTATION

If total sentence points are less than or equal to 44, the lowest permissible sentence is any non-state prison sanction.

If total sentence points are greater than 44:

_____   minus 28 = _____   x .75 = NSP
total sentence points                              lowest permissible prison
                                                    sentence  in months

The maximum sentence is up to the statutory maximum for the primary and any additional offenses as provided in s. 775.082, F.S., unless the  lowest permissible sentence under  the code, exceeds the statutory maximum. Such sentences may be imposed concurrently or consecutively. If total sentence points are greater than or equal to 363, a life sentence may be imposed.

APG: Adj + 5Y State Prison    15Y
                                maximum sentence
                                in years

## TOTAL SENTENCE IMPOSED

|  | Years | Months | Days |
|---|---|---|---|
| ☐ State Prison     ☐ Life | _____ | _____ | _____ |
| ☐ County Jail     ☐ Time Served | _____ | _____ | _____ |
| ☐ Community Control | _____ | _____ | _____ |
| ☐ Probation | _____ | _____ | _____ |

Please check if sentenced as ☐ habitual offender, ☐ habitual  violent offender, ☐ violent career criminal, ☐ prison releasee reoffender,  or a ☐ mandatory minimum applies.

☐ Mitigated Departure ☐ Plea Bargain

Other Reason _____

**JUDGE'S SIGNATURE**

JULIO E. _____
Circuit Court Judge

L-87822